Opinion of the court, by
Mr. Justice Tkottek.
This cause involves the same questions that were decided by this court at the last January term, in the case of Thomas M. Green v. Winslow Robinson. Since then, I have seen no reason to change the opinion then expressed, but on the contrary, have been strongly confirmed in it by subsequent examination. Since that decision was made, my attention has been directed to the case of Haden v. Garden, which was decided by the court of appeals in Virginia, as late as the year 1836, and reported in 7 *145 Leigh, 161. it was upon a bill in chancery to be relieved from the payment of a bond alledged to have been procured by fraud and imposition. An action was commenced upon the bond in a court of law, and the defendant suffered a judgment to be entered against him by default. The bill alledged no sufficient, reason for not making the defence upon the trial at law, but relied upon the concurrent jurisdiction of a court of equity in cases of fraud.
The case was fully argued at the bar, and appears to have received the deliberate consideration of the court; and the judges were unanimous in the opinion that the court had,not the power to relieve against the judgment. One of the judges in giving his opinion observes, “ Nor does the consideration that equity has concurrent jurisdiction, make any difference. The jurisdiction of equity to relieve against a fraud, is no excuse for the omission to make the defence, when the party is already before a court having full cognizance of it. Gasden was sued at law, and might there have had redress. Shall he without even a pretext, multiply litigation, by instituting this second suit in equity ? Shall he be permitted to shrink from a jury trial, which must have decided the case at law, and bring his adversary into equity, where he may escape that ordeal ?” In the case before us, the complainant had ample redress at law, and he should have availed himself of the defence he has insisted upon, on the trial at law. The grounds of public policy upon which this court has been zealously invoked to sustain the application in this case, and make it an exception from the general rule of equity jurisdiction, are surely as deeply involved in cases of gross fraud, as in those which violate the provisions of a statute. Nothing can be more abhorrent to the law and the moral sense of civilized society, or challenge more boldly the interposition of the judicial authority, than a deliberate violation of good faith and honesty. Fair dealing is essential to the existence of society, and to its happiness and prosperity. It is the implied compact which is the very foundation of all the' social relations of man, and when its habitual violation shall be sanctioned, or tolerated with impunity, the complicated transactions of society must cease, and its purposes be totally defeated. And yet the wisest jurists have thought that *146 the rule which was established under a sound policy to prevent multiplicity of litigation, ought not to be relaxed to suppress even so great an evil as this. The decree must, be affirmed.